UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                          Case No.: 12-76139-AST

ROSELLI MOVING & STORAGE CORP.
fka ROSELLI MOVING,                            Chapter 7

                     Debtor.
-----------------------------------------------------------x

## DECISION AND ORDER OVERRULING
## OBJECTION TO TRUSTEE'S FINAL REPORT

*Background and Issues Presented*

On October 9, 2012, debtor, Roselli Moving & Storage Corp. ("Debtor") filed the above

captioned chapter 7 case. [dkt item 1] A number of issues arose in connection with the filing and

handling of this case by the principal of Debtor and its initial counsel, none of which bear on the

current dispute.

Allan B. Mendelsohn was duly appointed and qualified as the Chapter 7 Trustee of

Debtor's bankruptcy estate (the "Trustee"). As a result of his investigation, the Trustee determined

that this bankruptcy estate had claims against Debtor and its related entities regarding the transfers

of certain assets. Specifically, Debtor's principal, Mr. Villano, testified that in addition to his role

as former president of Debtor, he was affiliated with a number of entities, including one known as

Moving Storage Center, to which various assets of Debtor were transferred, including all accounts

receivable of Debtor.  In addition, Mr. Villano testified at the 341 Meeting, that Debtor did not

receive any consideration from Moving Storage Center for the transfers of the company's assets.

The Trustee asserted various claims against Debtor and its affiliated entities, which resulted

in a settlement of the estate's claims without the necessity of filing an adversary proceeding.  The

settlement was embodied in a stipulation of settlement[1] between the Trustee, Debtor and various Debtor-affiliated entities and provided, *inter alia*, for the payment of $125,000 (the "Settlement Sum") to the estate in full and final satisfaction and release of the estate's claims asserted by the Trustee (the "Settlement"); notably, the Settlement did not call for a return of the property transferred by Debtor back to the estate.  The Settlement was annexed to a 9019 motion seeking approval of this compromise, which was filed and served by the Trustee on July 30, 2013 [dkt item 85], to which no objection was filed. The Court approved the Settlement by Order entered on August 26, 2013 (the "Settlement Order"). [dkt item 86] No appeal was filed from the Settlement Order and it is a final order.

After claims were resolved and the estate ready for approval of a final report and determination of allowable administrative expenses, on December 21, 2016, the Trustee submitted his final report, which calls for a substantial but less than 100% distribution to unsecured creditors (the "Final Report"). [dkt item 108] That same day, the Trustee and his professionals filed their respective applications for compensation (the "Applications"). [dkt items 109, 110, 111]

On December 21, 2016, the United States Trustee docketed a statement in reference to the Applications that it "has reviewed the time records submitted by the Trustee and the fee application(s) submitted by the professional retained by the Trustee on behalf of the estate. The United States Trustee does not intend to file an objection."

On December 22, 2016, the Trustee filed a Notice of Hearing of his Final Report and Applications, which scheduled a hearing for February 14, 2017 (the "Notice"). [dkt item 112] The Notice was served on all parties entitled to notice; the hearing was later rescheduled to March 21, 2017.

---

[1] The Stipulation does not make clear if the alleged transfers all occurred pre-petition or not.

On February 6, 2017, Citibank, N.A. ("Citibank") filed the sole objection to the Final Report, asserting that it held a lien against Debtor's pre-petition assets prior to their transfer to Moving Storage Center, and that as a result, it holds a lien against the Settlement Sum (the "Objection"). [dkt item 115]  Citibank did not object to allowance of the commissions, fees or expenses sought by the Trustee and his professionals in the Applications.

On March 13, 2017, the Trustee filed opposition to the Citibank Objection (the "Response"). [dkt item 117]

On March 21, 2017, the Court held a hearing on the Final Report, the Applications, the Objection, and the Response, and took the matter on submission.

*Analysis*

Citibank's position that its pre-petition lien against Debtor's assets extends to the Settlement Sum is flawed.  In support of its Objection, Citibank erroneously relies on and misreads a decision of Judge Grossman of this Court, *In re Milton Abeles, LLC*, No. 812-70158-REG, 2013 WL 5304014 (Bankr. E.D.N.Y. Sept. 20, 2013).  Citibank cites *Abeles* as holding that a creditor with a pre-petition perfected security interest in a debtor's assets and their proceeds "is entitled to the Proceeds of the trustee's recovery of a fraudulent conveyance of the collateral."  Objection at para 7. [dkt item 115]  *Abeles* does not so hold; and, in fact, the holding is diametrically the opposite.

After a thoughtful discussion of NY UCC Article 9 provisions and Bankruptcy Code Section 552, Judge Grossman addressed an issue involving a lender in a similar circumstance to Citibank (there Capital One), and stated:

> Pursuant to section 9–312(b)(1) a security interest in a deposit account can *only* be perfected by "control". Capital One had, and presumably still has, a perfected security interest in the Debtor's deposit account maintained at Capital One and all of the cash contained therein, if any. However, once the Debtor's funds left the

deposit account and were transferred to [the transferee]—in this case, two years prior to the bankruptcy filing—Capital One no longer had "control" of those funds and its interest became unperfected.

\*\*\*

[T]he secured creditor with a prepetition, perfected security interest in the debtor's property and the "proceeds, product, offspring, or profits of such property" retains that prior perfected security interest after the bankruptcy case is filed, unless the court orders otherwise based on the "equities of the case."

\*\*\*

For the reasons given earlier in this Decision, section 552(b), thus does not improve Capital One's position with respect to the settlement funds being held by the Trustee. If, as this Court has found, Capital One was [sic] did not hold a perfected security interest in proceeds prior to the bankruptcy, section 552(b)(1) does not come into play.

*Abeles*, 2013 WL 5304014, at \*2-3 (emphasis in original). Thus, to the extent the Trustee's Settlement related to transfers of cash deposits by Debtor in which Citibank had a perfected security interest prior to Debtor's transfer, *Abeles* is directly against Citibank, as Citibank's security interest lost its perfected status, if any, upon Debtor's transfer.

The only potential door left open, if any, in *Abeles* is the court's statement in *dicta* in the following paragraph:

Capital One cites several cases in support of its position that a security interest in a deposit account perfected by 'control' as defined under the NY–UCC pre-petition, also secures an interest in funds transferred out of the deposit account to a third party, and subsequently recovered by the Trustee in bankruptcy, post-petition. These authorities are, for the most part, distinguishable as cases involving the transfer of property, not deposit account funds. This distinction is important as the rules governing attachment and continuity of perfection are specific to the type of property at issue.

*Abeles*, 2013 WL 5304014, at \*3 (internal citations omitted).

Here, Citibank argues, with no cited support, that the personal property transferred by Debtor remained subject to Citibank's pre-petition lien when in the hands of the transferee. Even

if that were the case, as argued by the Trustee, the Settlement Sum is not property acquired post-petition which constitutes proceeds of the Citibank collateral and, as such, Citibank's pre-petition lien does not extend to the Settlement Sum under Bankruptcy Code Section 552.

Further, even if the transferee took Debtor's property subject to Citibank's pre-petition lien, the Trustee did not recover the transferred property; he settled avoidance action claims which belonged to the estate under chapter 5 of the Bankruptcy Code, and Citibank held no lien against the estate's chapter 5 causes of action.  As Judge Glenn of the Southern District of New York has stated:

> Avoidance actions, including those arising under state law, can only be brought by the trustee after the petition is filed under the trustee's section 554(b) [sic] rights. These claims, therefore, arise post-petition and must be considered after-acquired property belonging to the estate. Further, because the Debtor does not own the right to pursue a fraudulent transfer action in bankruptcy (since that action belongs to the trustee post-petition under section 554(b) [sic]), the Debtor could not have encumbered or assigned that right prepetition.

*Residential Capital, LLC v. UMB Bank, N.A. (In re Residential Capital, LLC)*, 497 B.R. 403, 414 (Bankr. S.D.N.Y. 2013).  S*ee also Myers v. First Source Fin., LLP (In re Demma Fruit Co.)*, No. BK00-81989, A01-8060, 2002 Bankr. Lexis 1781, at *11 (Bankr. D. Neb. May 28, 2002) ("The debtor did not own the right to pursue a fraudulent transfer action . . . and therefore could not have encumbered or assigned that right[.]"); *Hutson v. First-Citizens Bank & Trust Co. (In re Nat'l Gas Distribs., LLC)*, No. 06-00031-8-AP, 2007 Bankr. Lexis 4703, at *21-22 (Bankr. E.D.N.C. July 24, 2007) (concluding that trustee's preference and fraudulent transfer recovery theories constitute post-petition property of the estate not subject to pre-petition security interest). This analysis applies equally to recovery actions arising from pre-petition transfers under Sections 547 and 548 and actions to recover post-petition transfers under Section 549, as Section 550 provides that the trustee may recover the property transferred or the value thereof in a suit brought under Sections 547, 548 and 549.

Finally, an additional significant difference between this case and *Abeles* is that Capital One acted diligently and asserted a lien right at multiple stages of that bankruptcy case; when the *Abeles* trustee brought a fraudulent conveyance action against the transferee, Capital One brought a motion to compel abandonment of that action, asserting it was the sole beneficiary of the proceeds of that lawsuit; the court denied that request, without prejudice to Capital One asserting a security interest in the proceeds of the trustee's lawsuit; when that trustee filed a motion to approve a settlement with the transferee, Capital One objected to the settlement arguing that it had a first priority lien on the settlement proceeds and thus was the sole beneficiary of the settlement; the court granted the trustee's motion to settle, again, without prejudice to Capital One's rights to assert a secured position with respect to the settlement proceeds.  The ultimate dispositive matter in *Abeles* was the trustee's motion to reclassify the Capital One claim from secured to unsecured, which would have the effect of rendering Capital One an unsecured creditor with respect to the settlement proceeds.

Here, by contrast, Citibank did nothing until the Trustee filed his Final Report.  While the Trustee did not assert that Citibank waived its claims based on lack of diligence, certainly the Court should dimly view Citibank's lack of action in the case and its last minute assertion of a secured interest in the Settlement Sum, while the Trustee and his professionals did all the work to recover the Settlement Sum.

Based upon the entire record before this Court, it is hereby

**ORDERED**, that the Citibank Objection is overruled; and it is further

**ORDERED**, that the Trustee's Final Report is approved; and it is further

**ORDERED**, that the Trustee is awarded commissions in the amount of $9,572.20 and expenses in the amount of $61.14; and it is further

**ORDERED**, that Allan B. Mendelsohn, LLP, as counsel to the Trustee, is awarded compensation in the amount of $11,955.00 and expenses in the amount of $870.35; and it is further

**ORDERED**, that LaMonica, Herbst & Maniscalco, LLP, as special counsel to the Trustee, is awarded compensation in the amount of $26,702.50 and expenses in the amount of $517.67; and it is further

**ORDERED**, that the Trustee is authorized to abandon any unclaimed books and records of Debtor remaining in his possession.



**Dated: June 7, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**